[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought a summary process action for possession of premises located at 815 Burbank Street, Suffield, Connecticut. The plaintiff alleged that defendant originally had the right or privilege to occupy but such right or privilege has been terminated.
The defendant responded with four special defenses: 1. there was an agreement and or contract between the parties to wit: a promise by the plaintiff (John Riccio) in exchange for an act by the defendant Linda Riccio; 2. that Mr. Riccio's conduct constituted a breach of covenant of good faith and fair dealing; 3. that Mr. Riccio breached a legally enforceable agreement or contract and 4. equitable defense.
The defendant Linda Riccio also filed a counterclaim alleging a special duty or relationship with the plaintiff as they are parents of a child, and as such, the plaintiff has an equitable duty to maintain the property for the benefit of the defendant or convey the title to her as a home for herself and the child. The defendant is seeking 1) the imposition of a constructive trust on the premises; 2) a conveyance of title to her and/or to the minor child and 3) any other equitable relief.
The plaintiff Mr. Riccio established the necessary elements in support of his claim. The court credits the plaintiff's testimony that he is the owner of the property located at 815 Burbank Street, Suffield, Connecticut, that he had allowed the defendant to occupy the premises and subsequently asked her to leave. The defendant did not leave and the proper notice to quit was served. The defendant is still in possession of the premises. The defendant stated that she was not asked to leave but agrees that she was served with the notice to quit. The plaintiff therefore established a prima facie case.
The parties had been married and this marriage was dissolved sometime in the early 1990's. The parties are the parents of a child who is twelve CT Page 5743 years old and suffers from severe autism. The child is currently prone to seizures but was seizure free for two years. Stress in the home and/or vinegar could be related to the seizures. The child needs a great amount of care. The father was the primary caretaker until the mother moved in to assist in 1998. The testimony at trial established the following custody history: approximately six years ago, the child was taken away from the defendant and placed in foster care "because of housing". After that the plaintiff was granted sole custody. Next, there was joint custody with the child living with the father and visitation to the defendant. At first the visits were supervised, then unsupervised. Sometime after this action was pending the defendant was awarded sole custody. The plaintiff was the primary caretaker, with some assistance from the grandmothers after the child left foster care. In June of 1998 the plaintiff had to change jobs and he was required to work second shift. The grandmother was unavailable to assist with the child at that time. The plaintiff asked the defendant to move in and assist with the care of the child while he was at work. The defendant stated that she was hesitant and declined at first, took four weeks to decide and then moved in. The plaintiff was then living at 76 Landing Circle, Suffield.
The plaintiff purchased the subject premises in June 1999. The plaintiff, defendant and child moved to the subject premises under the same agreement. The plaintiff stated that in July 1999 the arrangement was no longer working and he asked the defendant to leave but she refused. This was approximately one month after moving in to the home. The plaintiff also went to the police department to see if the defendant could be arrested for trespassing. The defendant states there was a "domestic violence" incident the weekend of July 4, 1999. The defendant says she was never asked to leave. However, she does agree that she was served with the Notice to Quit and that is when she believes the plaintiff broke his promise.
 Discussion
There are two essential issues raised by the defendant's special defenses and counterclaim. First, whether there is an agreement of contract between the parties which should be enforced and second whether the defendant is entitled to equitable relief. The defendant alleges that there was a promise for an act. She believes that the plaintiff promised to help with the child and share the care 50/50. He would help with the cleaning and the laundry and he would provide a home for the defendant and the child. She says the plaintiff also promised they would remarry and she would get spending money. In exchange for this promise she would move in and help care for their daughter. CT Page 5744
The plaintiff denies making any promises. The arrangement from his perspective was that the defendant would move in to help with the care of their daughter because he had to work second shift.
"A contract is a promise or set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty." Restatement Second, Contracts § 3. For there to be a binding contract there must be an offer and acceptance on a mutual understanding of the parties. Lembo v. Schlesinger,15 Conn. App. 150, 154, 543 A.2d 780 [1988]. Black's Law Dictionary, Sixth Edition 1990 defines an agreement as a meeting of . . . the minds. An agreement is a broader term than a contract but still requires the coming together of two minds on a given proposition.
In the present case, the testimony shows that there is neither a contract nor an agreement. There is no "meeting of the minds". As there is no legally enforceable contract or agreement the next issue is whether the defendant is entitled to equitable relief. "The concept of covenant of good faith and fair dealing is "essentially . . . a rule of constriction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended . . . Magnan v. AnacondaIndustries, Inc., 193 Conn. 558, 567 479 A.2d 781 (1984).
Furthermore, if one accepted the defendant's version of the agreement such expectations are unreasonable. There is no breach of covenant of good faith and fair dealing. Summary process is not the appropriate forum for which to litigate issues concerning dissolution of marriage, distribution of property, alimony, custody and child support.
The defendant in her counterclaim requested the following: 1. imposition of a constructive trust on the legal title to the premises, 2. conveyance of the title to her and/or their daughter, and 3. any other equitable relief.
The equitable device of a constructive trust may be used to remedy unjust enrichment which results from not disposing of property as promised after the promise induced someone with whom the promisor shared a confidential relationship to transfer the property to the promisor.
Before a constructive trust can be created, however, there must be a duty owed, or a fiduciary or otherwise special relationship between the parties. "Where there is no proof of an actual relationship between the parties and the law looks only to a presumption of fraud arising out of CT Page 5745 the relationship of the parties to each other, that relationship must be one where there is ordinarily a special trust and confidence and the likelihood of the exercise of personal influence and control such that one would expect of the other fair dealing and mutual consideration"Worobey v. Sibieth, 136 Conn. 352 (1949).
"Unjust enrichment is a very broad and flexible doctrine; Cecio Bros,Inc. v. Greenwich, 156 Conn. 561, 564 (1968) which has as its basis that it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff" NationalCSS, Inc. v. Stamford, 195 Conn. 587, 597 (1985). It's three basic requirements are 1) that the defendants were benefited; 2) that the defendant unjustly did not pay the plaintiff for the benefits and 3) that the failure of payment was to the plaintiff's detriment.
After considering the facts of this case it would be unjust, inequitable and unconscionable to apply the doctrine of unjust enrichment and impose a constructive trust or transfer title to the property.
The parties are the parents of a severely autistic child who is in need of constant care. Imposition of a constructive trust or transfer of title to the defendant is not the only way to ensure that the child gets the care she needs. There is no disagreement that meeting the child's needs is an enormous burden. Although she is in school for six and one half hours per day and has the assistance of an aid and does well in some areas her needs at home are great. She needs assistance with bathing and tying her shoes and sometimes has difficulty sleeping up to three nights during a week as stated by the defendant. The defendant stated that she cleaned every day and washed everything down with vinegar. The child also has seizures. The defendant describes a large part of her day as being involved with the child. Linda Rawler stated that the child had gone two years without seizures and that stress in the home and the vinegar could contribute to the seizures. The defendant has done a lot for the child who appears to be the beneficiary of her acts even though they may also be a detriment to the child. The child does well when at school and was seizure free the prior two years. Prior to the plaintiff working second shift he was the primary care taker and managed with some assistance. The child can be cared for without the drastic measure of giving title to the defendant.
The defendant also claims that she vacated her premises where she was living like part of the family with the homeowners, gave up employment opportunities and otherwise altered her situation in reliance on the promises made by the plaintiff. The defendant stated that she worked in CT Page 5746 the kitchen at La Renaissance and was given a raise from $5.00 per hour to $9.00 per hour on her first day on the job. There is no evidence as to when and for how long she worked at La Renaissance. There was no evidence about any other employment or employment opportunities. The plaintiff stated that the defendant has last worked approximately ten years ago.
The plaintiff had reached a point where he could not have his shoes on inside the house and ate his meals in his truck in the driveway because of the defendant.
The defendant assisted in the search for the premises. However the plaintiff selected the house and paid all of the expenses connected to the home. The defendant also expressed concern about the house, the glass bannister, water in the basement and the size of the house was difficult to maintain. The child has had difficulty adjusting to the house and the defendant sought and was awarded sole custody during the pendancy of this action.
The defendant stated that the plaintiff said he would marry her and provide a home for her and their child. She also stated that the plaintiff asked her to marry him and she told him no. They did not share a bedroom and did not eat together.
From the evidence presented the defendant appears to have benefitted from this arrangement to a greater degree than the plaintiff. There is no evidence that she was under the domination of the plaintiff or the circumstances could justify a conclusion that she incurred some injury as a result of the plaintiff's conduct. The child is in the 7th grade described as "full inclusion". She is in regular classes except for one on one tutoring for language and communication. She is in school about six and one half hours per day and has the assistance of a paraprofessional. She can dress herself but needs assistance with bathing and getting dressed. She is in the Scouts, does crafts and was the top cookie seller.
The action taken by the defendant is not of the nature to compel the court to encumber the plaintiff's property or to transfer title to her.
Judgment for possession may enter for the plaintiff.
Judgment for the defendant, John Riccio, on the counterclaim.
Crawford, J. CT Page 5747